**KLESTADT WINTERS JURELLER**
 **SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens
Lauren C. Kiss

**Hearing Date:  March 29, 2016**
**Hearing Time: 10:00 A.M. (EST)**

**Objection Deadline: March 22, 2016**

*Counsel to BNB Hana Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                            :
                                                                 :       Chapter 11
34 MORNINGSIDE AVENUE REALTY CORP.,   :
                                                                 :       Case No. 15-23629 (RDD)
                                            Debtor.    :
---------------------------------------------------------------x

### MOTION OF BNB HANA BANK, N.A. FOR AN ORDER PURSUANT TO 11 U.S.C. § 1112(b) DISMISSING THE CHAPTER 11 CASE

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

BNB Hana Bank, N.A. ("BNB"), by and through its counsel, Klestadt Winters Jureller

Southard & Stevens, LLP, as and for its motion (the "Motion") for an order, pursuant to 11

U.S.C. § 1112(b) dismissing the Chapter 11 Case of 34 Morningside Avenue Realty Corp., the

above-captioned debtor (the "Debtor"), and in support of the Motion, respectfully represents and

alleges as follows:

### PRELIMINARY STATEMENT

The Debtor's only asset is a fee simple interest in commercial real property located at 34

Morningside Avenue, Yonkers, New York 10703 (the "Property").  By the Debtor's own

admission, the Property is worth only $625,000 and is encumbered by an undisputed and fully

liquidated mortgage of BNB of not less than $693,947.  This case has all the hallmarks of a bad

faith filing subject to immediate dismissal including, but not limited to, the following:

- the Debtor is a single-asset real estate debtor;

- the Debtor has no equity in its property;

- the Debtor has not generated any revenues for at least two years and has no way to fund the administration of its estate;

- this is a two-party dispute as the Debtor does not have a single creditor other than BNB; and

- the Debtor filed its case just one day before a scheduled foreclosure sale.

Perhaps most significantly, there is nothing that the Debtor can accomplish in this bankruptcy proceeding but delay BNB's foreclosure sale because absent BNB's consent, the Debtor cannot confirm a plan of reorganization. This case is a waste of everybody's time and resources and should be dismissed immediately with prejudice to any subsequent filing to stay BNB's foreclosure sale of the Property.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (Preska, C.J.), dated January 31, 2012. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Motion is properly before this Court.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief requested herein is section 1112(b) of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

4.     On June 30, 2015, BNB obtained a judgment of foreclosure and sale against the Debtor liquidating its mortgage and claim against the Debtor at $693,947.38.  Accordingly and as conceded by the Debtor, BNB's claim and mortgage is fully liquidated and not contingent.

5.     On November 11, 2015, the Debtor retained Reich Reich & Reich, P.C. to, perhaps among other things, file this Chapter 11 Case on its behalf.

6.     On November 12, 2015 (the "Petition Date"), the Debtor commenced this Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

7.     By virtue of the filing, BNB's November 13, 2015 scheduled foreclosure sale of the Debtor's Property was stayed pursuant to section 362 of the Bankruptcy Code.

8.     The Debtor has continued in possession of its Property since the Petition Date by virtue of sections 1107 and 1108 of the Bankruptcy Code.

9.     To date, no trustee, examiner or official committee has been appointed in the Debtor's Chapter 11 Case.

10.     The Debtor has not indicated how it intends to reorganize, stating only that "[t]he Debtor wishes to continue the operation of its business."  Affidavit of David E. Grant dated November 12, 2015, Docket No. 1-1 (the "Grant Affidavit"), ¶7.

11.     The Debtor has no revenues and has not for at least two years.  Grant Affidavit, ¶14, and Statement of Financial Affairs, dated Nov. 30, 2015, Ques. 1.  However, the Debtor estimates that its monthly operating expenses are $4,983.00.  Grant Affidavit, ¶15.

**RELIEF REQUESTED**

12.      By this Motion, BNB seeks an order pursuant to section 1112(b) of the
Bankruptcy Code dismissing the Chapter 11 Case with prejudice.  Alternatively, the Court could
convert the case to one under Chapter 7, but there does not appear to be any purpose to
appointing a Chapter 7 trustee, or means to compensate him or her.  Accordingly, BNB submits
that dismissal with prejudice is the best alternative.

**LEGAL AUTHORITY**

13.      Section 1112(b) of the Bankruptcy Code provides that a bankruptcy court may, in
its discretion, dismiss a debtor's case for cause when dismissal is in the best interests of the
creditors and the estate.  Under Section 1112(b), a court can dismiss a chapter 11 case or convert
it to case under chapter 7 "for cause" so long as it is in the best interests of both the creditors and
the estate. 7 COLLIER ON BANKRUPTCY ¶ 1112.04 (16th ed. 2009).  Subsection (b)(4) contains
sixteen examples of events that may constitute cause. This list, however, is "not exhaustive" and
courts are free to consider other factors. See, e.g., In re Ameribuild Const. Mgt., Inc., 399 B.R.
129, 131 n.3 (Bankr. S.D.N.Y. 2009) (citing legislative history); see also C-TC 9th Ave. P'ship v.
Norton Co. (In re C-TC 9th Ave. P'ship), 113 F.3d 1304, 1311 (2d Cir. 1997); In re TCR of
Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006) ("It is clear that Congress amended
section 1112(b) to make it broader, more strict as to debtors, and more encompassing.  For
example, the legislative history for section 1112(b) reflects that versions of this section leading
to the enactment are entitled 'Expanded Grounds for Dismissal or Conversion and Appointment
of the Trustee.'")

14.      BNB moves to dismiss the Debtor's case for cause on the grounds that a
reorganization is impossible (absent BNB's consent) and "subjective bad faith on the part of the

4

[D]ebtor, in that the motive for filing the petition was to abuse the reorganization process. . . " In re Gucci, 174 B.R. 401, 409 (Bankr. S.D.N.Y. 1994).

15.    To begin, the Debtor cannot confirm a plan without BNB's consent.    Section 1129(a)(10) requires the affirmative acceptance of a plan by at least one impaired class of claims. See In re RYYZ, LLC, 490 B.R. 29, 39-40 (Bankr. E.D.N.Y. 2013) (explaining that in a single-asset real estate case, section 1129(a)(10) is a powerful tool for creditors).    BNB is the Debtor's only creditor.    BNB will not accept any outcome other than the immediate sale of the Property for the satisfaction of BNB's claim and mortgage.    Accordingly, there can be no impaired consenting class that would allow the Debtor to confirm any plan that BNB does not consent to.

16.    In addition, the Debtor filed its Chapter 11 Case in bad faith.    Bad faith is not a factor listed under § 1112(b)(4), nor does the Bankruptcy Code provide a definition of either bad faith or good faith. See In re 68 W. 127 St., LLC, 285 B.R. 838, 843 (Bankr. S.D.N.Y. 2002). However, courts have uniformly held that an implicit prerequisite to filing a bankruptcy petition is "good faith on the part of the debtor, the absence of which may constitute cause for dismissal." See Carolin Corp. v. Miller, 886 F.2d 693, 698 (4th Cir. 1989) (citing In re Winshall Settlor's Tr., 758 F.2d 1136, 1137 (6th Cir. 1985); 2 L. King, COLLIER ON BANKRUPTCY ¶301.05[1], at 301-6 to 301-7 & n. 2a (15th ed. 1979)). This "implicit" good faith requirement is required to prevent fraud or abuse of the bankruptcy process. See In re Shar, 253 B.R. 621, 629 (Bankr. D.N.J. 1999) (internal citations omitted).

17.    "Section 1112(b) and its associated 'good faith' doctrine are primarily concerned with the underlying question whether reorganization is the proper course of action in a particular debtor's case. On that score, dismissal of a chapter 11 petition--like dismissal of any lawsuit--is not imposed principally as a sanction for bad intentions or obstreperous behavior. Instead,

dismissal flows from the legal determination the debtor is not entitled to the remedy it seeks." Gucci, 174 B.R. at 410 (citing In re Foundry of Barrington P'ship, 129 B.R. 550, 554 (Bankr. N.D. Ill. 1991)).

18.    In In re C-TC 9th Ave. P'ship, 113 F.3d at 1311, the Second Circuit set forth a number of factors to determine whether a debtor has acted in bad faith.  A comparison of those factors to the facts of the Debtor's case illustrates the Debtor's bad faith in commencing this case:

| C-TC 9th Ave. P'Ship Factor | Debtor's Case |
| --- | --- |
| (1) the debtor has only one asset; | (1) the Debtor has only one asset – the Property; |
| (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors; | (2) the Debtor has no unsecured creditors; |
| (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt; | (3) the Debtor's one asset – the Property – is the subject of a foreclosure action as a result of arrearages or default on the debt to BNB; |
| (4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action; | (4) the Debtor's financial condition is a two-party dispute between the Debtor and BNB. All disputes can be (and have been) resolved within the pending state court foreclosure action; |
| (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights; | (5) the Debtor filed its bankruptcy case the day before BNB's scheduled foreclosure sale in an effort to frustrate BNB's legitimate effort to enforce its rights; |
| (6) the debtor has little or no cash flow; | (6) the Debtor has no cash flow; |
| (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and | (7) according to the Debtor's disclosures, it has $0 in monthly income and $4,983 in monthly expenses with no proposal on how that is being paid for; and |
| (8) the debtor has no employees. | (8) the Debtor has no employees. |

<u>Id.</u>

19.     Here, the Debtor squarely meets each end every factor for bad faith set forth by the Second Circuit in <u>C-TC 9th Ave. P'ship</u>.  Meeting each end every one of these factors coupled with the fact that reorganization is impossible mandates the dismissal of the Debtor's case.  <u>See</u> <u>In re Loco Realty Corp.</u>, 2009 WL 2883050 (Bankr. S.D.N.Y. June 25, 2009).

## <u>NO PRIOR APPLICATION</u>

20.     No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, BNB respectfully requests that this Court enter an Order in substantially the same form as that annexed hereto as **<u>Exhibit A</u>**: (i) dismissing the Debtor's Chapter 11 Case or, in the alternative, converting the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code; and (ii) granting any other relief as may be appropriate under the circumstances.

Dated:   New York, New York
              December 23, 2015

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:   */s/ Fred Stevens*
        Fred Stevens
        Lauren C. Kiss
        200 West 41st Street, 17th Floor
        New York, New York 10036
        Tel: (212) 972-3000
        Fax: (212) 972-2245
        Email: fstevens@klestadt.com

        *Counsel to BNB Hana Bank, N.A.*